## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 10 2015, 8:06 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Tia R. Brewer
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Larry Young,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 10, 2015

Court of Appeals Cause No. 27A02-1402-CR-109

Appeal from the Grant Superior Court.

The Honorable Jeffrey D. Todd, Judge.

Cause No. 27D01-1306-FB-49

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Petitioner, Larry Young (Young), appeals his conviction for battery resulting in serious bodily injury, a Class C felony, Ind. Code § 35-42-2-1(a)(3) (2012).

We affirm.

## ISSUE

Young raises one issue on appeal, which we restate as follows: Whether the State submitted sufficient evidence to prove beyond a reasonable doubt that Young committed battery resulting in serious bodily injury.

## FACTS AND PROCEDURAL HISTORY

Young and his live-in girlfriend, Chelsey Carmichael (Carmichael), were staying in an apartment in Marion, Indiana. In the early morning of December 4, 2012, Young woke up Carmichael and accused her of stealing money from his wallet. The two argued for a while before Young ordered Carmichael to undress. Young then searched Carmichael's person and her clothes before he allowed Carmichael to put her clothes back on. At that point, Young's demeanor became increasingly angry and Carmichael decided to leave the room. However, Young grabbed Carmichael and threw her down on the floor. Young's cousin, Joey Cummings (Cummings), was in the apartment at the time but ignored Carmichael's plea for help. Young strangled Carmichael, pushed

her down on the ground, grabbed her hair, and spit in her face. During the scuffle, Carmichael kicked Young in the groin, and in turn, Young forcefully kicked Carmichael in the lower left ribcage. Eventually, Carmichael was able to escape to the bathroom and she locked herself in for several hours.

[5] When Carmichael finally exited the bathroom, she found that Young had left with her vehicle. According to Carmichael, her relationship with Young was over at that point. Carmichael did not have a cell phone so she knocked on the neighbor's door for help, but there was no response. Carmichael returned to the apartment and started to gather her belongings. When Young returned to the apartment, he threw the car key at Carmichael and asked her to leave. Young also informed Carmichael that his mother was coming over to the apartment to inspect the move. When Young's mother arrived at the apartment, she allowed Carmichael to use her cell phone. Carmichael called her mother (Mother), who arrived shortly thereafter.

[6] When she returned to her parents' home, Carmichael recounted the morning events, and she also told Mother that her left rib cage "hurt really bad." (Transcript p. 65). Afterwards, Mother left for work and Carmichael fell asleep. By the time Carmichael's parents returned home from work later that evening, Carmichael's pain had worsened and Carmichael's father (Father) drove her to the emergency room (ER).

[7] While Carmichael was being treated, Father contacted the Marion Police Department and reported the battery. When Officer Mark Kilgore (Officer

Kilgore) arrived at the hospital, he questioned both Father and Carmichael. Officer Kilgore observed numerous injuries on Carmichael's body, including scratches and redness around her neck, an injury to her left eye, and bruising to both her legs. Officer Kilgore photographed the injuries and obtained a videotaped statement from Carmichael.

[8] During her treatment, Carmichael described her pain to the ER personnel as a ten on a scale of one-to-ten, with ten being the worst pain she could possibly imagine. A CT scan without contrast was then ordered, but no internal injuries were detected. However, because Carmichael was in pain, she was prescribed pain medicine.

[9] Following her discharge from the hospital, Carmichael lacked the energy to participate in any physical activities for several days and she continued to experience excruciating pain on her lower left ribcage. Six days after her ER visit, on December 10, 2012, Carmichael passed out on the living room floor and her sister, who was present, called for ambulance. Carmichael was rushed back to the ER. The same day, a CT scan with contrast was administered revealing a laceration to Carmichael's spleen and internal bleeding. On December 12, 2012, Carmichael was transferred to Methodist Hospital in Indianapolis, Indiana, where she underwent surgery. Even though the surgery was successful in stopping the bleeding, Carmichael's spleen had lost a lot of blood and was permanently impaired in its ability to function; accordingly, it had to be removed.

On June 11, 2013, the State filed an Information charging Young with Count I, battery resulting in serious bodily injury, a Class C felony, I.C. § 35-42-2-1(a)(3); Count II, criminal confinement, a Class C felony, I.C.§ 35-42-3-3; and Count III, strangulation, a Class D felony, I.C.§ 35-42-2-9. A two-day jury trial was held from June 17-18, 2013, and at the close of the evidence, the jury returned a guilty verdict on Count I, and a not guilty verdict on Counts II and III. On February 3, 2014, the trial court conducted a sentencing hearing where it imposed a four-year sentence, with three years executed and one year suspended to probation.

Young now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Sufficiency of the Evidence*

Young argues that there is insufficient evidence to support his conviction for battery resulting in serious bodily injury. The standard of review for claims of insufficient evidence is well settled. We do not reweigh the evidence or judge the credibility of the witnesses, and we respect the jury's exclusive province to weigh conflicting evidence. *Jackson v. State*, 925 N.E.2d 369, 375 (Ind. 2010). We consider only the probative evidence and reasonable inferences supporting the verdict and affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[13] Pursuant to Ind. Code section 35-42-2-1(a)(3), a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner that results in serious bodily injury to the other person commits battery, as a Class C felony. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).

[14] Young claims that there is insufficient evidence to support his conviction. Specifically, he states that the CT scan administered on December 4, 2012, did not display Carmichael's spleen injury. Young maintains that Carmichael's injuries resulted from a previous bout of abdominal discomfort that occurred months before the incident. We disagree. Here, the evidence shows that on December 4, there was heated argument between Carmichael and Young about the missing money from Young's wallet. After Carmichael denied the allegations and attempted to leave the room, an upset Young grabbed Carmichael and threw her down on the ground, grabbed her hair, and spit on her face. When Carmichael kicked Young in the groin to protect herself from further beating, Young reacted by kicking Carmichael powerfully on the left side of her lower ribcage. When Carmichael was rushed to the ER later that day, the CT scan did not detect any injuries, however, since Carmichael was in agonizing pain, she was given pain medication. Six days later, Carmichael was rushed to the hospital after passing out on her living room floor. This time, the CT scan displayed that Carmichael had a transverse laceration to her spleen and that she had internal bleeding. At trial, Dr. Dean explained that it was

possible for the injuries to go undetected with the first CT scan conducted on December 4, 2012. Dr. Dean explained that the subsequent CT scan that was administered with contrast exposed Carmichael's injuries. Specifically, Dr. Dean explained that by using an "x-ray dye," a CT scan with contrast makes organs and blood vessels stand out with a more contrasted image for the purpose of detecting diseases or injuries. (Tr. p. 226). Dr. Dean further stated that Carmichael's spleen laceration may have been caused by a "significant blunt force trauma." (Tr. p. 228).

[15] Given the serious nature of Carmichael's injuries, and the severe pain suffered at the outset, coupled with the fact that she lost the complete function of her spleen as a result of the injury, we cannot say that the evidence was insufficient to sustain the jury's determination that Young inflicted the injuries upon Carmichael. Young's other arguments, including that Carmichael was addicted to pain medicine, and that she only exaggerated her pain so as to get the pain medicine are nothing but an invitation for this court to reweigh the evidence, which we will not do. *See Jackson*, 925 N.E.2d at 375.

## CONCLUSION

[16] Based on the foregoing, we find that there was sufficient evidence beyond a reasonable doubt to convict Young of the instant offense.

[17] Affirmed.

Mathias, J. and Crone, J. concur